**Electronically Filed
Supreme Court
SCAD-20-0000403
11-DEC-2020
03:04 PM
Dkt. 112 OSUS**

SCAD-20-0000403

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

EARLE A. PARTINGTON (HI Bar No. 1568),
Respondent.

---

ORIGINAL PROCEEDING
(ODC Case No. 19-0297)

ORDER OF RECIPROCAL DISCIPLINE
(By: Recktenwald, C.J., Nakayama, and McKenna, JJ.,
Intermediate Court of Appeals Chief Judge Ginoza,
in place of Wilson, J., recused, and Intermediate Court of
Appeals Associate Judge Leonard, assigned by reason of vacancy)

Upon thorough consideration of the petition for reciprocal action upon Respondent Earle A. Partington, filed on June 1, 2020 by the Office of Disciplinary Counsel (ODC), pursuant to Rule 2.15 of the Rules of the Supreme Court of the State of Hawai'i (RSCH), and the declaration and exhibits appended thereto, the July 10, 2020 response filed by Respondent Partington, the August 28, 2020 reply filed by ODC, the untimely September 17, 2020 sur-reply filed by Respondent Partington, ODC's September 18, 2020 motion to strike the September 17, 2020 sur-reply as untimely, Respondent Partington's September 18, 2020

motion for an extension to the deadline for filing the sur-reply, Respondent Partington's September 20, 2020 motion for oral argument, this court's October 7, 2020 order requiring Respondent Partington to file a declaration informing the court of what steps he took following his suspension in California under a December 13, 2017 order to protect his clients and to notify opposing parties, counsel, and any tribunals regarding his suspension, Respondent Partington's October 14, 2020 declaration filed in response to our October 7, 2020 order, ODC's November 4, 2020 reply, Respondent Partington's November 16, 2020 sur-reply, and the entire record in this matter and in ODC v. Partington, SCAD-11-162, we make the following findings and reach the following conclusions.

We find that, on April 29, 2020, the Supreme Court of California entered an order disbarring Respondent Partington for willfully disobeying a valid order of that court to file an affidavit of compliance in accordance with the California Rules of Court (CRC) Rule 9.20(c). The willful disobedience of a valid order of a court in violation of the rules of the subject tribunal, if committed in this jurisdiction, would violate Rule 3.4(e) of the Hawaiʻi Rules of Professional Conduct (2014). Upon review of the entire record before us, we nevertheless, for the reasons set forth below, find and conclude that Partington's conduct warrants substantially different discipline in this state. See RSCH Rule 2.15(c)(4). At the time that Partington made the decision not to timely file the CRC Rule 9.20(c)

2

affidavit in California, he had been inactive in California since January 1, 2014, and he did not represent any clients in California in pending matters, as stated in his untimely May 20, 2020 Declaration of Compliance with CRC Rule 9.20.  Albeit misguidedly, Partington made the decision not to timely file the required affidavit (or declaration) for strategic reasons related to challenging the original military discipline imposed upon him, which gave rise to the California reciprocal disciplinary charges.  Respondent Partington has ably served as a practitioner in this state, for many years, and has contributed positively in this jurisdiction, without prior disciplines, except as related to the underlying military disciplinary incident.  Yet, the willful disobedience of a valid order of a court, which would violate Rule 3.4(e) of the Hawaiʻi Rules of Professional Conduct, is a serious matter meriting appropriate discipline.

Therefore,

IT IS HEREBY ORDERED that Respondent Partington's motion for an extension is granted, and the sur-reply is deemed timely filed, and was considered in the disposition of this matter.

IT IS FURTHER ORDERED that ODC's motion to strike is denied.

IT IS FURTHER ORDERED that Respondent Partington's motion for oral argument is denied.

IT IS FURTHER ORDERED that Respondent Partington's motion for an order of this court, directing ODC to review the

3

record and inform this court of its conclusions regarding Partington's innocence of the military disciplinary charges, is denied.

IT IS FURTHER ORDERED that Respondent Partington is suspended from the practice of law in this jurisdiction for a period of six months, effective 30 days after the entry date of this order. This six-month suspension appropriately recognizes the serious nature of Respondent Partington's misconduct.

IT IS FURTHER ORDERED that, in addition to any other requirements for reinstatement imposed by the RSCH, Respondent Partington shall bear the costs of these reciprocal disciplinary proceedings, upon the approval by this court of a timely submitted verified bill of costs from ODC.

IT IS FURTHER ORDERED that Respondent Partington shall, within ten days after the effective date of this order, file with this court an affidavit in compliance with RSCH Rule 2.16.

DATED: Honolulu, Hawaiʻi, December 11, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna



/s/ Lisa M. Ginoza

/s/ Katherine G. Leonard

4